Wilson H. WILLIAMS, and William W. Williams, d/b/a Williams Drilling Company, Libelants,

v.

THE Towboat BEN McCOOL, her engines, furniture, apparel, etc., and the Greenville Towing Co., Inc., Respondents.

No. 3902–B.

United States District Court
E. D. Louisiana,
New Orleans Division.

Nov. 27, 1961.

Phelps, Dunbar, Marks, Claverie & Sims, John Poitevent, New Orleans, La., for libelants.

Lemle & Kelleher, George B. Matthews, George A. Frilot, III, New Orleans, La., for respondents.

J. SKELLY WRIGHT, District Judge.

On June 7, 1958, the crew boat Timbalier Bay [1] was crushed by the Williams Drilling Barge No. 6 [2] against the Cenac Towing Company dock near Houma, Louisiana, at which she was moored. Barge No. 6, which was also moored to the dock forward of, but bow to, the Timbailer Bay, parted its stern lines and pivoted around on an inboard bow spud. The Timbalier Bay was caught between the square bow of the barge and the dock. Williams Drilling Company, owner of both vessels, here libels the M/V Ben McCool [3] and her owner, alleging fault contributory to the loss.

On the morning of June 7, 1958, the Ben McCool, pushing a tow of four loaded oil barges [4] in tandem, was proceeding west in the Intracoastal Waterway ap-

---

1. The M/V Timbalier Bay was a steel hulled crew boat. She was 28.6 feet in length, 10.1 feet in breadth and drew about 4 feet. She was powered by twin gasoline engines developing 250 horsepower and was pilothouse controlled. Her official number was 272241.

2. The Williams Drilling Barge No. 6 is a typical square end drilling barge constructed of steel with a collapsible drilling derrick. It has a keyway drilling slot at one end and two spuds at the opposite end. It is 146 feet in length, 38 feet in width and 10 feet in depth. It draws about 5 feet.

3. The M/V Ben McCool is a steel hulled push boat with a flat bow. She is 94.8 feet in length, 30 feet in breadth and draws about 7 feet. She is powered by twin diesel engines developing about 1800 horsepower and is pilothouse controlled. Her official number is 270809.

4. Barges G.T.C. 8 and 9 are steel hulled tank barges each 264 feet in length, 50.2 feet in breadth and 10.6 feet in depth. Barges G.T.C. 10 and 11 are steel hulled tank barges each 234 feet in length, 50 feet in breadth and 10.6 feet in depth.

proaching Houma. As a westbound tow approaches this area, there is a gradual bend to the left beginning at approximately Mile 56 west. Prior to approaching the bend, the McCool reduced speed to two miles per hour, under which speed she passed the tug Leo eastbound pushing one loaded barge. After the bend the canal runs in a straight reach for approximately one mile to the intersection of Bayou Terrebonne, near which is located the Houma Pontoon Bridge. Between the bend and the bridge, on the north bank of the canal at approximately Mile 57, is the Cenac dock. In the area where the dock is located, the canal is approximately 300 feet wide. To the west of the dock, however, the canal is bulkheaded and narrows, as the Houma bridge is approached, to approximately 125 feet.

This action is predicated on the theory that the towboat Ben McCool, pushing her tow of four loaded barges in tandem, passed the Cenac dock at an excessive speed, the suction from the passage parting the lines of the Drilling Barge No. 6. Only one witness supports this theory, the tool pusher and caretaker of the drilling barge, who was asleep at the time therein. He testified that he was awakened by the sound of falling glass from the Timbalier Bay and arrived on deck of the barge in time to see the Timbalier Bay crushed and in a sinking condition. His efforts to save her were unavailing. He further testified that at the time he arrived on deck the Ben McCool and her tow were passing in close proximity to the barge which had parted its stern lines and had moved out into the canal, bow on to the dock.

Against this single witness for the libelants is the crew of the Ben McCool who testified that they saw the drilling barge athwartship in the canal end on to the dock long before the McCool and her tow approached. The witnesses from the McCool also testified to a conversation with the tool pusher and caretaker from the drilling barge, in which conversation, according to them, the tool pusher stated

that suction from a tow going in the opposite direction, presumably the Leo, had parted the lines of the barge and caused the casualty to the Timbalier Bay. The tool pusher, while admitting a conversation with the members of the crew of the McCool, denies that he made any statement whatever about any tug other than the McCool parting the lines of the drilling barge.

Supporting the testimony of the crew of the McCool is the captain of the tug Mary Joan, George Lingo, a lately discovered witness. Lingo testified that he was approaching the Cenac dock from the west, having just cleared the Houma bridge. At that time he saw the McCool and her tow still to the east of the Cenac dock. At that time also he saw the drilling barge end on in the canal. The witnesses from the McCool verified the presence of the Mary Joan, but the Houma bridge log shows the tug Leo had transited the bridge at 6:30 A.M. on June 7, 1958, going east, and that the Ben McCool, going west, came through at 6:45 A.M. But no Mary Joan. Moreover, Lingo testified on cross-examination that he could see the barges in the McCool tow well because, being light, they were high up in the water, whereas in fact they were heavily laden with oil.

So there is here the usual uncertainty caused by the mendacity which often accompanies these maritime collision cases. Vessels leave no marks on the water. Consequently, ordinarily there is no physical evidence to aid the court in resolving the discrepancies in the testimony. Resort must finally be had to sheer observation of credibility where that is available, or simply a count of the witnesses.

The case must be decided. So taking the evidence as it is in the record, it is necessary to hold that the Drilling Barge No. 6 parted her lines before the Ben McCool approached, and consequently the crushing of the Timbalier Bay occurred through no fault of the McCool or her tow.

Decree accordingly.